



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 11, 1939

Honorable Richard Spinn
County Attorney,
Washington County
Brenham, Texas

Dear Sir:

Opinion No. O-789
Re: Whether upon death of county
judge a county commissioner
may tender his resignation
and thereupon be appointed
county judge by other com-
missioners acting as com-
missioners' court?

We are in receipt of your letter of May 8, 1939,
wherein you outline the following facts:

"The incumbent of the office of County
Judge of Washington County became deceased
on May 7, 1939. Under the statute the duty
to appoint someone to fill the vacancy of
County Judge of said county devolves upon
the Commissioners' Court. One of the mem-
bers of said Commissioner's Court desires
to become an applicant, by tendering his
resignation and having the remaining three
commissioners accept his resignation and
tender his application for appointment to
fill the vacancy of County Judge."

You request our opinion in response to the following
questions:

"(1) Would such member of the court,
a Commissioner at present time and at the
time of the decease of the County Judge by
resigning and having his application to re-
sign accepted by the remaining three com-
missioners, be eligible and legally quali-

fied to be appointed County Judge in the event
the remaining three Commissioners saw fit to
appoint him?

"(2) In the event that the present four
county commissioners appointed someone to fill
the vacancy now existing in the office of
County Judge of Washington County, and such
person so selected and duly qualifies later de-
cides not to continue holding the office, but
prior to his resignation as County Judge so ap-
pointed to fill the vacancy created by the
death of the original incumbent, one of the Com-
missioners should resign, his resignation be ac-
cepted and his successor be appointed by the
judge and duly qualify say for a period of sixty
days, and then when such first appointee to fill
the vacancy of the office of county judge resigns,
could the Commissioners Court accept his resigna-
tion, and in turn appoint the former Commissioner
who had resigned about sixty days or more, resig-
nation accepted and the successor had qualified,
to now fill the vacancy created in the office of
County Judge?"

Article 2355, Revised Civil Statutes, relating to
commissioners' courts, their duties and powers, provides:

"The court shall have power to fill vacan-
cies in the office of: county judge, county
clerk, sheriff, county attorney, county treas-
urer, county surveyor, county hide inspector,
assessor of taxes, collector of taxes, justices
of the peace, constables and county superinten-
dent of public instruction. Such vacancies
shall be filled by a majority vote of the mem-
bers of said court present and voting, and the
person chosen shall hold office until the next
general election. (Acts 1927, 40th Leg., 1st
C. S., p. 248, ch. 00.)"

We wrote fully upon the questions here concerned in
our opinion number O-410, dated March 13, 1939, addressed to
L. L. Steele, Thos. G. Pollard and Mrs. W. R. Potter, and
since you have a copy of that opinion, it would be useless
for us to repeat the reasons for our holdings and the authori-
ties cited in support of the same.

Honorable Richard Spinn, May 11, 1939, page 3

When an official body is clothed with the power
and duty of designating the person to fill a vacancy in
public office, strong and controlling principles of public
policy forbid such board or body from filling such vacancy
by the appointment of one of its own members.  The courts
have with great unanimity throughout the country declared
that all officers who have the appointing power are dis-
qualified for appointment to the offices to which they may
appoint.

Article 16, Section 17, Constitution of Texas, reads:

"All officers within this State shall
continue to perform the duties of their of-
fices until their successors shall be duly
qualified."

As pointed out in said opinion No. 0-410, under the
above constitutional provision, the rule in Texas is that an
officer's resignation is not effective until his successor
qualifies.  To this rule there are certain exceptions, such
as in State v. Valentine, 198 S. W. 1007, and Lowe v. State,
201 S. W. 986, but the case which you submit to us does not
fall within any such exception.

Article 2341, Revised Civil Statutes, provides:

"In case of vacancy in the office of
commissioner, the county judge shall appoint
some suitable person living in the precinct
where such vacancy occurs, to serve as com-
missioner for such precinct until the next
general election. (Acts, 1876, p. 51; G. L.
vol. 8, p. 887.)"

Under the above statute it clearly appears that the
commissioners' court is now charged with the duty of filling
by appointment the vacancy in the county judge's office. Un-
der Art. 16, Sec. 17, of the constitution, the commissioner
whom you mention must serve until his successor qualifies.
Since no one is authorized to appoint his successor except
the county judge, the vacancy in that office must be filled
before the commissioner can effectuate his resignation.  It
follows that your first question must necessarily be answered
in the negative.

We have concluded that it would be improper for us
to answer your second question.



Honorable Richard Spinn, May 11, 1939, page 4

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Assistant

GRL-HR

APPROVED:

ATTORNEY GENERAL OF TEXAS